# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JUNE SESSION, 1996

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9409-CR-00201** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. L. T. LAFFERTY** |
| **VINCENT D. JONES,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Certified Question of Law)** |

FILED

August 27, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

HOWARD L. WAGERMAN
HOWARD B. MANIS
Suite 1313, 200 Jefferson
Memphis, TN  38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

SARAH M. BRANCH
Counsel for the State
450 James Robertson Parkway
Nashville, TN  37243-0485

WILLIAM L. GIBBONS
District Attorney General

KEVIN R. RARDIN
Assistant District Attorney
201 Poplar Avenue-3rd Floor
Memphis, TN  38103

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Vincent Jones entered a plea of nolo contendere in the Shelby County Criminal Court to a charge of possession of cocaine with the intent to sell or deliver. As a Range I standard offender convicted of a Class B felony, Appellant received a sentence of eight years in the Tennessee Department of Correction. Pursuant to Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure, Appellant, with the agreement of the State and the trial court, reserved for appellate review the question of the legality of the search which led to Appellant's arrest. Appellant also contends on appeal that his sentence is excessive.

After a careful review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

The proof shows that, on October 15, 1993, Officer Dennis Benjamin and his partner, both of the Memphis Police Department, were patrolling the Getwell Gardens area of Memphis, notorious for its drug activity. From across the street, Officer Benjamin observed Appellant flagging down cars and offering, in exchange for money, a substance contained in plastic bags. Officer Benjamin observed three such transactions over a period of fifteen minutes and then proceeded to pull up beside Appellant. Appellant attempted to run and then stuffed a plastic bag down the front of the waistband of his pants. Officer Benjamin apprehended Appellant and, In order to check

Appellant for weapons, Benjamin ran his hand around Appellant's waistband and felt a bulge. According to Officer Benjamin, the bulge felt like a pack of rock crack cocaine. Officer Benjamin felt the bulge a little bit more, pulled up Appellant's shirt, and took the plastic bag. Appellant was then placed under arrest.

On March 31, 1994, a Shelby County Grand Jury indicted Appellant for possession of a controlled substance with intent to sell and deliver in violation of Tennessee Code Annotated Section 39-17-417. On June 25, 1994, Appellant filed a pretrial motion to suppress evidence seized during his arrest. Following an evidentiary hearing, the trial court denied the motion. On March 6, 1995, Appellant entered a plea of nolo contendere, reserving the suppression issue as a certified question of law pursuant to Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure.

At his sentencing hearing, Appellant testified that he had learned his lesson and was a changed man. He pointed to the fact that he now had a full time job with Federal Express, was enrolled in the University of Memphis, and was responsible for supporting his three children. In addition, Appellant testified that he had no prior criminal record. However, in questioning Appellant, the trial court learned that Appellant had been selling crack for three to four months in order to earn an extra two hundred dollars per week. At the conclusion of the sentencing hearing, the trial court sentenced Appellant to eight years, ordering him to serve four months of the sentence on weekends with the balance of the sentence served on probation.

## II. MOTION TO SUPPRESS

Appellant first alleges that the trial court erred in refusing to grant his motion to suppress evidence seized during his arrest. The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The United States Supreme Court has consistently held that searches and seizures "conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment--subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967) (citations omitted); see also State v. Bartram, 925 S.W.2d 227, 230 n.2 (Tenn. 1996). One such exception was recognized in Terry v. Ohio:

> [W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.

392 U.S. 1, 30 (1968). "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence." Adams v. Williams, 407 U.S. 143, 146 (1972). If the protective search goes beyond what is necessary to determine if the suspect is armed, it is no longer valid under Terry and its fruits will be suppressed. Sibron v. New York, 392 U.S. 40, 65-66 (1968).

-4-

In <u>Minnesota v. Dickerson</u>, 508 U.S. 366 (1993), officers observed the defendant leaving what they believed to be a residence where drug sales regularly took place.  Upon seeing the officers, the defendant abruptly turned, walked in the opposite direction and began behaving in an evasive manner.  The officers stopped the defendant and conducted a pat down of his outer clothing.  During the frisk one of the officers felt a small lump in the defendant's jacket pocket.  The officer realized the lump was not a weapon, but he continued to manipulate the object inside the pocket to determine what it was.  Believing the object to be crack cocaine, the officer seized the object which in fact was a small packet of cocaine.  The Court concluded that the identity of the packet of cocaine was not "immediately apparent" and that the continued manipulation of the packet in the defendant's pocket after the officer recognized it was not a weapon, exceeded the permissible bounds of a <u>Terry</u> search.  Therefore the Court held that the search was illegal and affirmed the lower Court's suppression of the cocaine.  However, the Court held that if during a lawful <u>Terry</u> "frisk" an officer

> pats down a suspect's outer clothing and feels an
> object whose contour and mass makes its identity
> immediately apparent, there has been no invasion of
> the suspect's privacy beyond that already authorized
> by the officer's search for weapons; if the object is
> contraband, its warrantless seizure would be justified
> by the same practical considerations that inhere in
> the plain view context.

<u>Id</u>. at 375-76.

In the case <u>sub</u> <u>judice</u>, Appellant raises no issue concerning the initial investigatory detention of him by the police.  Neither does he contend that a pat down of him for possible weapons was unlawful.  He does however equate this case with <u>Dickerson</u> and maintains that the identity of the crack cocaine

he was carrying in the front waistband of his trousers was not "immediately apparent" and thus its seizure, once the officer determined it was not a weapon, was unlawful.

This Court has equated "immediately apparent" with the idea of probable cause. In other words, if immediately upon touching the suspicious object the officer has probable cause to believe the item is contraband then the item may be lawfully seized. State v. Bridges, No. 02C01-9412-CC-00298, 1995 WL 764998 (Tenn. Crim. App. Dec. 28, 1995), perm. app. granted, (Tenn. June 3, 1996); State v. White, No. 03C01-9408-CR-00277, 1997 WL 336977 (Tenn. Crim. App. June 7, 1995). In Texas v. Brown, 460 U.S. 730 (1983), the Supreme Court stated that an object is considered to be "immediately apparent" when the officer develops a reasonable belief as to the object's identity. Id. at 741-42. The officer has then established probable cause and the seizure of the item is justified if the officer can reasonably conclude that the item may be contraband or other evidence of a crime. The Brown Court rejected the notion that the officer be "possessed of near certainty" of the object's identity. The Supreme Court acknowledged in Brown that probable cause "requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief' that certain items may be contraband . . . ." Id. at 742 (citations omitted). In Brown, the officer, during a routine driver license checkpoint, observed among other things in the defendant's vehicle an opaque, green party balloon knotted at the tip and knew from his experience that such balloons were often used to package narcotics. The Court determined that the officer possessed sufficient probable cause to seize the balloons, finding that it was irrelevant that the officer could

not see though the opaque balloon. The presence of the balloon itself under the circumstances, "particularly to the trained eye of the officer," strongly indicated that drugs were likely to be found inside. Id. at 743.

Although Brown dealt with the "plain view" doctrine, the same analysis is useful when considering the "plain feel" doctrine of Minnesota v. Dickerson. Applying this reasoning to the instant case, it appears that the officer who searched Appellant observed him offering a substance taken from a plastic bag to the occupants of cars in exchange for money. This activity was occurring in a notoriously high crime area known to the officer to be rife with drug dealing. When the officer approached Appellant, he ran away and was observed stuffing the plastic bag containing what appeared to be rocks in the front of his pants.[1] The officer stated that immediately upon touching the item in Appellant's waistband he recognized it as containing some sort of rocks. The officer also testified that he had experience in hundreds of cases such as this.

We think that given this officer's experience and his observation of Appellant's activities in this high crime area coupled with his having seen and then felt a plastic bag of rocks in the front of Appellant's pants constituted probable cause to believe that the plastic bag contained contraband. We therefore affirm the decision of the trial judge in denying the motion to suppress.

---

[1] Common experience counsels us that ordinarily people do not carry plastic bags in the front of their trousers.

## III. SENTENCING

Appellant also alleges that his sentence was excessive. Specifically, he argues that he should have received full probation.

When an appeal challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely de novo. Id. If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The defendant bears the burden of showing the impropriety of the sentence imposed. State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

We note initially that, because the record demonstrates that the trial court adequately considered the sentencing principles and all relevant facts

and circumstances, our review of Appellant's sentence will be <u>de novo</u> with a presumption of correctness.

The Tennessee Criminal Sentencing Reform Act of 1989 recognizes the limited capacity of state prisons and mandates that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts of rehabilitation shall be given first priority regarding sentencing involving incarceration." Tenn. Code Ann. § 40-35-102(5). A defendant who does not qualify as such and who is an especially mitigated or standard offender of a Class C, D, or E felony is "presumed to be a favorable candidate for sentencing options in the absence of evidence to the contrary." <u>Id.</u> § 40-35-102(6). A sentencing court may then only deny alternative sentencing when presented with sufficient evidence to overcome the presumption. <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). A denial of alternative sentencing in the face of the statutory presumption should be based on the following considerations: whether confinement is necessary to protect society from a defendant with a long history of criminal conduct, whether confinement is necessary to avoid depreciating the seriousness of the offense, whether confinement would provide an effective deterrent, and whether measures less restrictive than confinement have failed in the past. Tenn. Code Ann. § 40-35-103(1).

Because Appellant was convicted of a Class B felony, he is not entitled to the statutorily mandated presumption of alternative sentencing. However, in light of certain factors favoring an alternative sentence, the trial court

ordered a sentence of periodic confinement followed by a period of probation. We must now address whether Appellant should have been granted full probation.

The defendant always bears the burden of establishing suitability for full probation. Tenn. Code Ann. § 40-35-303(b). In order to justify full probation, the defendant must demonstrate that such a sentence will "subserve the ends of justice and the best interest of both the public and the defendant." State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990). When determining suitability for full probation, the sentencing court should consider the following factors: (1) the nature and circumstances of the criminal conduct involved; (2) the defendant's potential or lack of potential for rehabilitation, including the risk that, during the period of probation, the defendant will commit another crime; (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense; and (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes. State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (citations omitted).

At the conclusion of the sentencing hearing, the trial court concluded that, in light of the nature of the criminal conduct involved, the total suspension of Appellant's sentence would undermine the seriousness of the offense. The trial court pointed out that Appellant "made a decision to enter into the drug traffic business." In addition, Appellant admitted that he sold drugs three times a week for four months in order to support himself. The trial court concluded that Appellant was a "professional drug seller" and that he should

be appropriately punished for his actions.  The trial court was very lenient with Appellant considering the nature of the offense.  Given the pervasive problem of narcotics in our society generally, and the problem of crack cocaine particularly, we agree with the trial court that full probation would depreciate the seriousness of this offense.

Appellant claims that the trial court failed to take into account the fact that he had no prior criminal record, had a full-time job, and supported three children.  On this claim, Appellant's arguments are clearly misplaced.  The trial court was very compromising with Appellant by allowing him to serve his jail time on the weekends so as not to interfere with his job or his earnings.  Therefore, the sentence must be upheld.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

_____
DAVID H. WELLES